

1700 G Street NW, Washington, D.C. 20552

July 2, 2024

<u>Via CM/ECF</u>

Christopher Conway, Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

    Re:   *Consumer Financial Protection Bureau (CFPB) v. Townstone Financial, Inc., et al.*, No. 23-1654

Dear Mr. Conway:

    Pursuant to Federal Rule of Appellate Procedure 28(j), the CFPB writes to inform the Court of *Loper Bright Enterprises v. Raimondo*, No. 22-1219 (U.S. June 28, 2024). In *Loper Bright*, the Supreme Court overruled *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984), holding that courts "may not defer to an agency interpretation of the law simply because a statute is ambiguous," *Loper Bright*, Slip Op. at 35.

    *Loper Bright* supports the conclusion that the regulation at issue in *Townstone*, 12 C.F.R. § 1002.4(b) (prohibiting certain discriminatory discouragement of credit applications), is a valid exercise of the Bureau's authority under 15 U.S.C. § 1691b(a). ECF No. 12, at 15. For starters, that conclusion has never depended on deference; the Bureau's interpretation is correct. *See id.*, at 34 n 8. To that point, in *Loper Bright*, the Court noted that "Congress has often enacted statutes" under which the "agency is authorized to exercise a degree of discretion," including statutes "empowering an agency to prescribe rules to fill up the details of a statutory scheme" or "to regulate subject to the limits imposed by a term or phrase that leaves agencies with flexibility." Slip Op. at 17 (cleaned up). Section 1691b(a) is

such a delegatory statute: it empowers the Bureau to "prescribe regulations" that in its "judgment" "are necessary or proper to effectuate the purposes of this subchapter" or "to prevent circumvention or evasion thereof." And, importantly, the Court stated that "when a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation…" Slip Op. at 35.

Moreover, although the Supreme Court threw out *Chevron*'s deferential framework, it recognized that Executive Branch interpretations of statutes can provide guidance to the courts and that "interpretations issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning." *Id.* at 17. The interpretation at issue here provides strong guidance: it was issued "contemporaneously with the statute" (by the Federal Reserve Board, in the first instance) and has been consistent over nearly 50 years' time.

Respectfully,

*/s/ Justin M. Sandberg*
Justin M. Sandberg
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-7043
Justin.Sandberg@cfpb.gov

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation in Federal Rule of Appellate Procedure 28(j). The body of the letter contains 347 words.

>                                   */s/ Justin M. Sandberg*
>                                   Justin M. Sandberg