

July 3, 2024

**Via CM/ECF**
Christopher Conway, Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street Room 2722
Chicago, IL 60604

> Re: *Consumer Financial Protection Bureau (CFPB) v. Townstone Financial, Inc., et al.*, No. 23-1654

Dear Mr. Conway,

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellees write concerning *Loper Bright Enterprises v. Raimondo*, No. 22-1219 (U.S. June 28, 2024) and CFPB's letter of July 2, 2024 (ECF No. 76).

What the Court did in *Loper Bright* was momentous: It overruled *Chevron*, abandoning the forty-year experiment allowing agencies to determine the extent of their own statutory authority. Slip Op. at 35. The Court confirmed that, under the Constitution and the APA, it is the duty of courts, not agencies, to say what the law is. *Id*. at 7-9, 14. Henceforth, in challenges to agency action, courts must apply the tools of statutory construction to determine a statute's best reading, as they would in other contexts. *Id*. at 22-23. This mandate applies as much to express delegations as to other parts of a statute, *id*. at 17-18, for "the scope of an agency's own power" is "perhaps the occasion on which abdication in favor of the agency is least appropriate." *Id*. at 23.

What the Court *did not* do in *Loper Bright* is usher deference out the front door while surreptitiously escorting it back in through the rear, as CFPB seems to think. True, the Court recognized what has always been so—that courts must respect delegations to agencies to fill up statutory details. *Id*. at 17. But their job remains to discern the best reading of the statute as a whole, which includes "policing the outer statutory boundaries" of a delegation, *id*. at 26, and "ensuring that the agency acts

3100 Clarendon Boulevard, Suite 1000 • Arlington, VA 22201 • plf@pacificlegal.org • 202.888.6881 • *pacificlegal.org*

within it." *Id.* at 35. This is consistent with *Board of Governors of the Federal Reserve System v. Dimension Fin. Corp.*, which held that a delegation similar to ECOA's "only permits the Board to police within the boundaries of the Act." 474 U.S. 361, 373 n.6 (1986). *See also* ECF No. 40 at 30.

The question here is whether ECOA authorizes 12 C.F.R. § 1002.4(b). The answer is no. Section 1002.4(b) does not fill up a detail or illuminate a statutory term. It rewrites ECOA's central prohibition. *See* ECF No. 40 at 21-25.

Respectfully,

Steven M. Simpson
Counsel for Appellees